UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-9

DEBORAH A. CUNNINGHAM,
administratrix of the estate of
MERLE D. BOLTE, deceased                                                                    PLAINTIFF

v.

EXTENDICARE HOMES, INC.,
d/b/a MEDCO CENTER
OF PADUCAH                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant's motion for partial summary judgment. Def.'s Mot. Partial Summ. J., Docket Number ("DN") 32. The Plaintiff has not responded, and the time to do so has now expired. Accordingly, this matter is ripe for adjudication. For following reasons the Defendant's motion is GRANTED.

### I.

The issue before the Court is whether the one-year statute of limitation found in KRS § 413.140(1)(a) bars the Plaintiff from maintaining a cause of action for personal injuries that Merle Bolte allegedly experienced prior to December 23, 2007. The Court holds that the statute of limitations bars any claim for personal injuries occurring before December 23, 2007.

### II.

From February 21, 2002, until a week before his death, Merle Bolte ("Bolte" or "decedent") was a patient and resident of a nursing home owned and operated by Defendant Extendicare Homes, Inc. ("Extendicare"). Bolte died on December 23, 2008. *See* Death Certificate, DN 32-1. Plaintiff Deborah Cunningham ("Cunningham") brings this suit as the administratrix of Bolte's estate and asserts two causes of action. First, she alleges that

1

Extendicare's negligent treatment and care caused Bolte to experience personal injuries during some undefined period prior to his death.  *See* Compl, DN 1-1, ¶¶ 12-16.  Second, she claims that Extendicare's actions caused Bolte's wrongful death.  *Id.* at ¶¶ 17-20.  Only the personal injury claim is at issue in Extendicare's motion for partial summary judgment.

### III.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal

Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993) abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

### IV.

Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." KRS § 413.140(a)(1). As such, any suit filed more than one year after the personal injury occurs is barred by this statute of limitations. A personal injury action does not cease with the death of the injured person. *See* KRS § 411.140 ("No right of action for personal injury . . . shall cease or die with the person . . . injured . . . .") Rather, that action may be maintained, revived, or commenced by the decedent's personal representative. *See id.* ("[A personal injury] action may be brought or revived by the personal representative . . . .").

In pursuing a personal injury action, a personal representative may only assert those claims that have accrued to the decedent. *See Perry's Adm'r v. Louisville & Nashville R.R. Co.*, 251 S.W. 202, 204 (Ky. 1923) ("The personal representative acts for, on behalf of and in the stead of the deceased person only. If the deceased would have had no cause of action had [he] lived, none could pass to the administrator."). Therefore, just as KRS § 413.140(a)(1) bars a plaintiff from suing for personal injuries that occurred more than one year before the suit was filed, that statute also bars a decedent's personal representative from bringing such action on behalf of the decedent after his death.

In the present case, Cunningham, as the administrator of Bolte's estate, alleges that Extendicare's negligent treatment and care injured Bolte prior to his death on December 23, 2008. Despite the injury allegations, Cunningham has failed to specify dates or instances on

3

which Bolte received those injuries. As a result, it is possible that Cunningham is alleging that Bolte's personal injuries began as soon as February 21, 2002, the date he became a resident and patient at Extendicare's facility. As Bolte's personal representative, however, Cunningham may only bring those actions that Bolte himself could have maintained. *See Perry's Adm'r*, 251 S.W. at 204. As of December 23, 2008, KRS § 413.140(a)(1) would have barred Bolte from brining suit for his personal injuries occurring prior to December 23, 2007. Since KRS § 413.140(a)(1) would have barred Bolte from maintaining a cause of action for personal injuries occurring before December 23, 2007, that same statute bars Cunningham from bringing a claim for those injuries as Bolte's personal representative. Accordingly, Cunningham may only maintain a personal injury cause of action for Bolte's injuries occurring on or after December 23, 2007.

## CONCLUSION

Defendant Extendicare Homes, Inc., has moved for partial summary judgment on the personal injury cause of action brought by Plaintiff Deborah Cunningham on behalf of the estate of Merle Bolte. For the above-stated reasons the Defendant's motion is GRANTED. The one-year statute of limitations found in KRS § 413.140(1)(a) bars the Plaintiff from maintaining a cause of action for any personal injuries the decedent experienced more than one year before his death. Accordingly, the Plaintiff may only pursue a personal injury cause of action for those injuries occurring on or after December 23, 2007.